UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THAYER A. PISANI | CIVIL ACTION NO. 6:17-cv-00393 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| CONRAD INDUSTRIES, INC. | BY CONSENT OF THE PARTIES |

## **MEMORANDUM RULING**

Currently pending is the motion for summary judgment (Rec. Doc. 29), which was filed by the defendant, Conrad Industries, Inc. The motion is opposed. Oral argument was held on January 25, 2018. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

### BACKGROUND

In his complaint, the plaintiff asserted a claim under the Americans with Disabilities Act and the Louisiana Employment Discrimination Law, contending that he was discriminated against on the basis of a perceived disability when his employer failed to allow him to return to work following a medical leave of absence.

The plaintiff, Thayer A. Pisani, was employed by the defendant, Conrad Industries, Inc., as a crane operator. Mr. Pisani has a history of degenerative disc disease in his spine. In 2006, this condition caused numbness in his arms and hands as well as migraine headaches and resulted in his having surgery. After recovering

from the surgical procedure, Mr. Pisani returned to work. In October 2015, Mr. Pisani began experiencing symptoms related to his cervical spine. He took a medical leave of absence, during which he treated with a neurologist, Dr. Edward Haight. When the leave period was scheduled to end, Mr. Pisani was still undergoing physical therapy, and Conrad agreed to extend his leave to accommodate the ongoing physical therapy. On January 15, 2016, Dr. Haight cleared Mr. Pisani to return to work without restrictions. However, Conrad's HR director Shane Alfred required that Mr. Pisani also be cleared to return to work by the company doctor, Dr. Robert M. Bourgeois who has a specialty in occupational medicine.

On January 18, 2016, Dr. Bourgeois declined to clear Mr. Pisani to return to work but also indicated that further evaluation of Mr. Pisani's condition was required, and he requested additional medical records. On that same date, Dr. Adolpho Cuadra of the Headache & Pain Center, cleared Mr. Pisani to return to work. On February 1, 2016, Conrad terminated Mr. Pisani's employment. The next day, Conrad's HR director instructed Dr. Bourgeois to discontinue his review of Mr. Pisani's records. Thereafter, neurologist Dr. Damon E. Patterson also opined that Mr. Pisani was capable of returning to work.

Conrad now seeks summary judgment in its favor, arguing that Mr. Pisani's ADA claim should be dismissed because Conrad had an objectively reasonable

concern, at the time of Mr. Pisani's termination, that Mr. Pisani would pose a direct threat to its work force if he returned to work as a crane operator.

LAW AND ANALYSIS

A.   THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

B. **FACTUAL ISSUES PRECLUDE SUMMARY JUDGMENT**

To establish a *prima facie* case of disability discrimination under the ADA, Mr. Pisani must prove that he has a disability, that he is a qualified individual for the job he seeks, and that an adverse employment decision was made because of his disability.[8] Conrad's motion focuses on the second of these three elements. An individual is qualified under the ADA if he can perform the essential functions of his

---

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8] *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 695 (5th Cir. 2014); *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 763 (5th Cir. 1996).

job with or without a reasonable accommodation.[9] The qualification standard may include a requirement that an individual not pose a direct threat to the health or safety of other individuals in the workplace.[10]

Conrad asserted an affirmative defense, contending that Mr. Pisani was no longer a qualified individual for the crane operator position when he attempted to return to work at the end of his medical leave of absence. In particular, Mr. Alfred told Mr. Pisani that he was concerned about the possibility of Mr. Pisani's arms going numb while he was on the job and interfering with his ability to properly and safely operate the crane. (Rec. Doc. 29-3 at 49).

For purposes of the direct threat defense, the ADA requires employers to conduct an individualized assessment of the employee's "present ability to safely perform the essential functions of the job" "based on a reasonable medical judgment."[11] One court articulated the applicable standard as follows: "An employer's determination that a person cannot safely perform his job functions is objectively reasonable when the employer relies upon a medical opinion that is itself

---

[9] 42 U.S.C. § 12111(8). See, also, *Claiborne v. Recovery School District*, 690 Fed. App'x 249, 254 (5th Cir. 2017); *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996).

[10] 42 U.S.C. § 12113(b). See, also, *Rizzo v. Children's World Learning Centers, Inc.*, 213 F.3d 209, 218 (5th Cir. 2000).

[11] 29 C.F.R. § 1630.2(r).

objectively reasonable."[12]  The Fifth Circuit has explained that "[w]hether one is a direct threat is a complicated, fact intensive determination, not a question of law.  To determine whether a particular individual performing a particular act poses a direct risk to others is a matter for the trier of fact to determine after weighing all of the evidence about the nature of the risk and the potential harm."[13]

In this case, Conrad has not established that there was an objectively reasonable medical opinion on which it relied in deciding that Mr. Pisani was a direct threat and therefore could not return to work.  Conrad claims that it relied on Dr. Bourgeois's opinion in deciding that Mr. Pisani's return to work would constitute a threat.  But there is an unresolved factual issue concerning whether, at the time that Mr. Alfred terminated Mr. Pisani's employment, Dr. Bourgeois had actually reached a conclusion concerning whether Mr. Pisani was capable of returning to work.

At Conrad's request, Dr. Bourgeois started reviewing Mr. Pisani's file on January 18, 2016.  (Rec. Doc. 37-1 at 36).  On that same date, Dr. Bourgeois sent a fax to Conrad in which he indicated that he was unable to clear Mr. Pisani to return to work but also indicated that his opinion in that regard was deferred pending further evaluation. (Rec. Doc. 37-1 at 2).  He requested additional records from Mr. Pisani's

---

[12]   *Michael v. City of Troy Police Dep't*, 808 F.3d 304, 307 (6th Cir. 2015).

[13]   *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d at 764.

personal medical doctors, including a list of all medications he was using and any records regarding treatment for pain management. (Rec. Doc. 37-1 at 2, 36). The ambiguity in that fax transmission is sufficient to create an issue as to Dr. Bourgeois's evaluation of Mr. Pisani's fitness for work as a crane operator, but there is more. Dr. Bourgeois did not examine Mr. Pisani (Rec. Doc. 37-1 at 36, 39), and he did not consult with Mr. Pisani's treating neurologist (Rec. Doc. 37-1 at 39). He received additional medical records on February 1, 2016 and began a second document review the next day, February 2, 2016. (Rec. Doc. 37-1 at 36, 38). On that same date, however, Mr. Alfred instructed Dr. Bourgeois to discontinue his review of Mr. Pisani's medical records (Rec. Doc. 37-1 at 38) because Mr. Alfred had already terminated Mr. Pisani's employment the day before (Rec. Doc. 37-1 at 4). Therefore, Dr. Bourgeois stated in his deposition that he did not prepare a final assessment concerning Mr. Pisani's ability to return to work. (Rec. Doc. 37-1 at 38). Mr. Alfred insisted, in his deposition testimony, that he would defer to Dr. Bourgeois with regard to the medical opinion as to whether Mr. Pisani could return to work (Rec. Doc. 37-1 at 29), but Mr. Alfred made the decision to terminate Mr. Pisani's employment before Dr. Bourgeois finished his review of Mr. Pisani's medical records and without obtaining a final evaluation by Dr. Bourgeois of Mr. Pisani's ability to work as a crane operator. There is a genuinely disputed factual issue concerning whether Dr.

Bourgeois's statement on January 18, 2016 that he was "Unable to Clear [Mr. Pisani] for Position" was an objectively reasonable medical opinion that Mr. Pisani was not qualified to be a crane operator when the same document also indicated that Dr. Bourgeois's opinion in that regard was "Deferred (Requires Further Evaluation)." Having failed to establish the existence of an objectively reasonable medical opinion, Conrad has not proven that its determination that Mr. Pisani could not safely perform his job functions was itself objectively reasonable.

Conrad has not established that there are no genuinely disputed facts relevant to its contention that Mr. Pisani was a direct threat to himself or his coworkers. Therefore, Conrad is not entitled to summary judgment in its favor on its direct threat defense. This issue should be submitted to the jury following trial on the merits.

## CONCLUSION

For the foregoing reasons, defendant Conrad Industries, Inc.'s motion for summary judgment (Rec. Doc. 29) is DENIED.

Signed at Lafayette, Louisiana on this 1st day of February 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE